ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, February 24, 2017 1:04:19 PM
CASE NUMBER: 2017 CV 00986 Docket ID: 30585553
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

COURT OF COMMON PLEAS

MONTGOMERY COUNTY, OHIO

MARK REDD
29460 Moran St.
Farmington Hills, MI 48336

CASE NO.: _____

Judge: _____

**COMPLAINT**

Plaintiff

v

JEAN-MICHEL BIDE
25 Lucketts Court
Fredericksburg, Virginia 22406

And

JT and B GLOBAL
5719 Cambridge Drive
Fredericksburg, Virginia

Defendants

### COUNT I

1. On or about March 2, 2015 Plaintiff, Mark Redd, was a passenger in a 2014 Chevy Cruze traveling north on I-75 and within Montgomery County, Ohio.

2. At that same date and time Defendant Jean-Michel Bide was operating a 2004 Freightliner Columbia and was traveling south on I-75 when he negligently lost control of his vehicle and collided with the guardrail and then collided with the concrete median causing concrete chunks to enter the north bound lanes of I-75 which led to Plaintiff's vehicle striking the concrete chunks causing the damages herein described and in violation of ORC 4511-202 constituting negligence *per se*.

3. Plaintiff suffered injuries to his back and neck as a direct and proximate cause of the Defendant Bide's negligence causing pain and suffering.

4. Plaintiff has incurred medical expenses in an amount unknown at this time and expects to incur further such expenses as a direct and proximate of Defendant Bide's negligence.



EXHIBIT B

## COUNT II

5. Plaintiff incorporates paragraphs 1 through 4 as if fully rewritten herein.

6. Upon information and belief, Defendant Bide was at all times relevant herein and on the date of the accident working as an employee, contractor, subcontractor and/or agent Defendant JT and B Global.

7. As such, Defendant JT and B Global is liable for the negligent acts or omissions of its employees and/or agents by virtue of *respondeat superior.*

8. Therefore, Defendant JT and B Global is liable for the damages and medical expenses Plaintiff has incurred as a direct and proximate cause of Defendant Bide's negligence.

WHEREFORE, Plaintiff demands judgement against the Defendants, jointly and severally, in an amount in which represents fair, reasonable and just compensation and for the costs herein.

Respectfully submitted,

/s/ Jordan Schultz
Jordan T. Schultz, #91320
Matthew T. Ernst, #66686
Attorney for Plaintiff
6071 Montgomery Road
Cincinnati, Ohio 45213
(513) 321-7733 office
(513) 321-7740 fax

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, April 7, 2017 12:55:37 PM
CASE NUMBER: 2017 CV 00986 Docket ID: 30746865
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

MONTGOMERY COUNTY, OHIO<br>COURT OF COMMON PLEAS

| | | |
|---|---|---|
| MARK REDD, | : | CASE NO.: 2017 CV 00986 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE MICHAEL KRUMHOLTZ |
| vs. | : | |
| | : | |
| JEAN-MICHEL BIDE, et al., | : | **JOINT ANSWER OF DEFENDANTS JEAN-MICHEL BIDE AND JT & B GLOBAL, LLC** |
| Defendants. | : | |
| | : | |
| | : | |

Now come Defendants Jean-Michel Bide and JT & B Global, LLC, and for their Joint Answer to Plaintiff's Complaint, state as follows:

### COUNT I

1) Defendants deny for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2) Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3) Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4) Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### COUNT II

5) Defendants hereby reincorporate by reference the prior paragraphs of this pleading as if fully rewritten herein.

6) Defendants admit that all times relevant herein, Defendant Bide was acting on behalf of JT & B Global, LLC.

7) Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8) Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1) Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2) Plaintiff's Complaint is barred and/or Plaintiff's damages are reduced, if any, due to Plaintiff's own comparative/contributory negligence.

3) Plaintiff's claims are barred by the doctrines of waiver or estoppel.

4) Plaintiff's damages, if any, are subject to a statutory cap.

5) The acts or omissions of other parties over whom these Defendants had no control or right of control were solely or partly responsible for the damages alleged, and in the alternative, these Defendants are entitled to offset for their part of the damages alleged, and for any amounts recovered from other persons pursuant to R.C. 2307.28 and R.C. 2307.23(c).

6) Defendants are entitled to an offset by any act or omission not caused by these Defendants but were caused by other parities' negligence, whether a party or not, pursuant to R.C. 2307.22, 2307.23 and 2307.28.

7) Defendants are entitled to offset for the portion of economic and non-economic damages proximately caused by negligence or wrongdoing of other persons, whether or not they are parties, pursuant to R.C. 2307.22, 2307.23 and 2307.28.

8) Defendants are entitled to apportionment against both parties and non-parties, and reduction of any verdict herein pursuant to R.C. 2315.34 and 2315.35.

9) Plaintiff's claim may be barred due to lack of foreseeability and/or lack of proximate cause and/or by the doctrine of intervening, superseding causation.

10) Plaintiff's damages, if any, may be subject to a set-off.

11) Plaintiff may not be the real party in interest as to some or all of the claims for damages.

12) Plaintiff may have failed to join all necessary and indispensable parties.

13) The subject collision was an unavoidable accident.

14) At the time of the accident, these answering Defendants were responding to a sudden emergency.

15) Plaintiff may have failed to mitigate damages, if any.

16) Defendants expressly deny liability to Plaintiff.

17) Plaintiff may have failed to properly commence and/or effectively/validly serve these Defendants.

18) Defendants explicitly deny that any of its employees were negligent or caused damage to the Plaintiff.

19) Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein to be true.

20) Defendants owed no duty to Plaintiff under the circumstances stated in the Complaint.

21) Defendants deny that they caused any injury to Plaintiff.

22) Defendants assert and incorporate by reference all affirmative defenses referenced in Ohio's Civil Rules, including all affirmative defenses specified in Ohio Civ. R. 8.

23) Defendants reserve the right to raise such further defenses as shall become manifest upon completion of discovery.

WHEREFORE, having fully answered, Defendants Jean-Michel Bide and JT and B Global, LLC pray that Plaintiff's Complaint be dismissed with prejudice with all costs assessed to the Plaintiff.

Respectfully submitted,

REMINGER CO., L.P.A.

/s/ Michael M. Mahon
Danny Merril Newman Jr., Esq. (0074740)
Michael M. Mahon, Esq. (0087296)
525 Vine Street, Suite 1700
Cincinnati, OH 45202
PH: 513-721-1311
FX: 513-721-2553
Email: dnewman@reminger.com
mmahon@reminger.com
*Attorneys for Defendants*
*Jean-Michel Bide and JT & B Global, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed by regular U.S. mail this 7th day of April, 2017, to the following:

Jordan Schultz
Matthew T. Ernst
6071 Montgomery Road
Cincinnati, OH 45213
*Attorney for Plaintiff*

/s/ Michael M. Mahon
Michael M. Mahon, Esq. (0087296)